UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA MILLER,

        Plaintiff,

v.

RWD TECHNOLOGIES, INC.,
a Maryland corporation,

        Defendant.

Case No. 2:10-CV-12579

Hon. George Caram Steeh

---

| | |
|---|---|
| Sidney L. Frank (P13637) | Suanne Tiberio Trimmer (P30274) |
| Melinda A. Balian (P55744) | Dawda, Mann, Mulcahy & Sadler, PLC |
| Frank, Haron, Weiner & Navarro | 39533 Woodward Avenue, Suite 200 |
| 5435 Corporate Drive, Suite 225 | Bloomfield Hills, MI 48304 |
| Troy, MI 48098 | (248) 642-3700 |
| (248) 952-0400 | Attorneys for Defendant |
| Attorneys for Plaintiff | strimmer@dmms.com |
| MBalian@fhwnlaw.com | |

---

## PROTECTIVE ORDER FOR RELEASE OF <u>CONFIDENTIAL RECORDS AND FILES</u>

      Plaintiffs and Defendants, through their counsel of record, stipulate to the entry of this Protective Order relative to the production of confidential, sensitive and/or proprietary information, as requested by either party of the other during the course of discovery in this litigation, on the following terms and conditions:

      IT IS HEREBY ORDERED:

      1.     All copies of documents produced by either party that they want governed by this Protective Order, shall be numbered sequentially in the lower right hand corner if possible, shall be marked "Confidential" and shall be covered by this Order until such documents and all copies

are returned to the entity that produced them or they are destroyed, pursuant to Section 6 of this Order.

2. The only persons to whom the documents and information therein, subject to this Protective Order, may be disclosed either verbally, visually or otherwise, are as follows:

    (a) Counsel of record for the parties and any employees of the law firms associated with the counsel for the parties that have a need to know for purposes of pursuing this litigation;

    (b) Plaintiff and Defendant to this litigation, which includes any key employees of Defendant that have a need to be privy to such information for purposes of pursuing or defending this litigation, and in no event shall Plaintiff use the documents and information covered by this Protective Order for any other purpose;

    (c) Outside experts not otherwise associated with Plaintiff or Defendant who are retained by Plaintiff's or Defendant's counsel for purposes of pursuing this litigation;

    (d) Any person indicated on the face of a document covered by this Order to be the author or recipient, but only as to said document;

    (e) Court reporters and deposition transcript transcribers;

    (f) Any other person agreed upon by the counsel of record for all parties, with such agreement being confirmed in writing and signed by each such counsel or otherwise memorialized by agreement of counsel; and

    (g) The Court, and in conjunction with motions, hearings, facilitation, settlement, discovery and/or trial, and under conditions satisfactory to preserve the parties' rights to maintain the confidentiality of their documents and information.

3. All persons designated in paragraph 2 above, shall be required to acknowledge their obligation of maintaining in the strictest confidence any documents or information produced pursuant to this Protective Order, by being advised by Plaintiff's or Defendant's attorney of this Order and its terms and conditions before having access to any such information.

4. In the event the party receiving documents ("receiving party") seeks to challenge the appropriateness of the "Confidential" designation for any documents produced by the other party ("producing party"), the receiving party shall consult in good faith with the producing party

in an effort to resolve the matter on an informal basis.  In the event no agreement is reached, the burden shall be on the receiving party to seek an order from the Court permitting disclosure of the disputed material beyond the confines of the Protective Order.  The receiving party shall give no less than five (5) days written notice to the producing party before seeking such an order, identifying with as much specificity as possible, the document that the receiving party contends is not entitled to confidential protection.  Any document to which such a motion is made shall continue to be treated as confidential until the Court renders a decision or the motion is otherwise resolved.

5. The parties agree that they will, at all times while this Order is in effect and after it expires or otherwise terminates, maintain the strictest confidence with regard to the documents produced by the other party pursuant to this Order, including information they learn from such documents, and they agree not to use such documents or information other than to pursue this litigation.

6. It is further ordered that upon termination of this litigation, all documents and other information which have been produced pursuant to this Protective Order and all copies thereof shall be returned to the party that produced them or be otherwise disposed of by counsel.

SO ORDERED.

Dated:  July 26, 2010                                      s/George Caram Steeh
                                                           United States District Judge


Approved as to form and substance:

/s/ Melinda A. Balian                                      /s/ Suanne Tiberio Trimmer
Melinda A. Balian (P55744)                                 Suanne Tiberio Trimmer (P30274)
Attorney for Plaintiff                                     Attorney for Defendant

Date:  7/26/10                                             Date:  7/26/10